FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ MAY 09 2007 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

CLK/HP, LLC,

                     Plaintiff,

-against-

ASHLAND MAINTENANCE ORGANIZATION
d/b/a AMO, UNITED STATES OF AMERICA,
and BARBARA BILLET, as Acting Commissioner
of the NEW YORK STATE DEPARTMENT OF
TAXATION AND FINANCE
                     Defendants.

Docket No.: CV-07 1922

**COMPLAINT FOR**
**INTERPLEADER AND**
**DECLARATORY RELIEF**

(SI)

PLATT, J.
BOYLE, M.

---

Plaintiffs, CLK/HP, LLC ("CLK/HP" or "Plaintiff"), by and through its attorneys, Milman & Heidecker, hereby complains of Defendant, Ashland Maintenance Organization d/b/a AMO ("Ashland") as follows:

### Introduction

1. This is an action for interpleader and declaratory relief based upon claims for a breach of an agreement between CLK/HP and Ashland pursuant to Rule 57 of the Federal Rules of Civil Procedure, Rule 22 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1335.

### The Parties

2. CLK/HP is a limited liability company operating pursuant to the laws of the State of Delaware. It maintains its headquarters and principal place of business at 9 Park Place, Great Neck, New York and is engaged in the business of operating and managing office and residential buildings.



3. Defendant Ashland is a business corporation operating pursuant to the laws of the State of New York. It maintains its headquarters and principal place of business at 45-15 Barnett Avenue, Long Island City, New York and is a contractor engaged in the business of providing building maintenance and janitorial services.

4. Defendant United States of America is a body politic and sovereign.

5. Defendant Barbara Billet is the Acting Commissioner of the New York State Department of Taxation and Finance, a branch of the government of the State of New York established under §170 of the New York State Tax Law.

## Jurisdiction

6. This Court has subject matter jurisdiction over this action because the United States of America is a party to the action. U.S. CONST. art. III § 2.

7. This Court further has subject matter jurisdiction over this action because it arises under the laws of the United States. U.S. CONST. art. III § 2.

## Facts

8. In the years 2006 and 2007, Plaintiff served as the managing agent for eight (8) office buildings in Nassau and Suffolk Counties, within the geographic confines of this district. These office buildings were located at 999 Walt Whitman Road, Huntington Station, New York, 330 Motor Parkway, Hauppauge, New York, 350 Motor Parkway, Hauppauge, New York, 1981 Marcus Avenue, Lake Success, New York, 1983 Marcus Avenue, Lake Success, New York, 90 Merrick Road, East Meadow, New York, 275 Broadhollow Road, Melville, New York and 300 Broadhollow Road, Melville, New York.

9. Plaintiff contracted with Ashland to provide maintenance and janitorial services at each of these eight (8) buildings.

10. At each of the eight (8) buildings, Ashland was the employer of a staff of maintenance workers. In total, Ashland employed a total of approximately 67 individuals between the buildings. Ashland was solely responsible for handling the payroll for each of these employees in a manner consistent with federal and state law, including, but not limited to, taking proper payroll deductions and withholding and making required statutory benefit contributions.

11. On or about April 12, 2007, Plaintiff terminated its agreement with Ashland to provide maintenance and janitorial services.

12. At the time of termination, Plaintiff owed Ashland $204,698.54 for services which had already been completed. This amount was due on April 30, 2007.

13. On or about April 12, 2007, Plaintiff entered into an agreement with Accolade Building Maintenance Corp. ("ABM") to provide maintenance and janitorial services at the buildings formerly serviced by Ashland.

14. Upon information and belief, representatives of ABM offered employment to each of the employees at the five (5) buildings when ABM took over the operation.

15. Upon information and belief, numerous employees at these buildings informed ABM that Ashland had not taken any taxes or deductions from their paychecks, and, therefore, accepting a position with ABM would result in "reduction" of wages.

16. ABM reported their findings to Plaintiff on or about April 13, 2007.

17. Upon learning this information, Plaintiff demanded that Ashland provide copies of all payroll records, tax reporting forms, cancelled checks ("records") for the eight (8) buildings at issue not later than April 24, 2007.

18. To date, Ashland has failed to provide Plaintiff with any records reflecting proper payroll deductions, contributions and withholdings.

19. Based upon Ashland's failure to make proper payroll deductions and withholdings on behalf of its employees, it is Plaintiff's belief that Ashland is in arrears to both the United States of America and the New York State Department of Taxation and Finance in an amount yet to be determined.

20. As a result of the foregoing, Plaintiff has withheld payment of $204,698.54 to Ashland representing the final payment under the contract.

21. There is an imminent threat that Plaintiff will be held liable for the money that Ashland failed to properly deduct from the wages of its employees.

22. Plaintiff has no way to determine who is lawfully entitled to the money it is presently holding or in what amounts.

23. Plaintiff will serve Ashland, the United States and the Department of Taxation and Finance with this petition in order to put them on notice of CLK/HP's actions and to allow them to properly assert their claims to the interpleaded funds.

24. Due to Ashland's failure to make appropriate payroll deductions, Plaintiff has withheld payment to Ashland in the amount of $204,698.54.

25. Due to Ashland's failure to provide Plaintiff with all payroll records, Plaintiff is unable to calculate the exact amount of indebtedness to Defendants United States of America and Billet.

Case 2:07-cv-01922-TCP-ETB   Document 1   Filed 05/09/07   Page 8 of 10

26. Pending clarification of the proper rights to this money, Plaintiff hereby petitions for permission to deposit said money with this Honorable Court.

**WHEREFORE**, for all of the reasons set forth herein, Plaintiff seeks an Order of this Court:

1. Declaring that Defendant Ashland breached its agreement with Plaintiff by virtue of Ashland's failure to make appropriate payroll deductions as required by state and federal law;

2. Declaring the rights and duties of the parties regarding the legal status of the money and its proper allocations;

3. Permitting the Plaintiff to deposit the disputed funds totaling $204,698.54 with the Court in a manner prescribed by the Court; and

4. Granting attorney's fees, costs, interest and such other and further relief as this Honorable Court deems just and proper.

Dated: Lake Success, New York
       May 7, 2007

Perry S. Heidecker, Esq. (PH – 6955)
Milman & Heidecker
Attorneys for Plaintiff
3000 Marcus Avenue, Suite 3W3
Lake Success, New York 11042
(516) 328-8899